## Springfield Consolidated Railway Company v. Martha Farrant.

1. INSTRUCTION—*when, upon right of recovery, proper.* An instruction upon this subject is proper which tells the jury that if they believe from the evidence that the plaintiff has proved her case as laid in her declaration by a preponderance of the evidence, they should find for the plaintiff.

2. INSTRUCTION—*when estoppel to complain of, arises.* One party cannot complain of an instruction given for his opponent when the court has given the same instruction at his request.

3. INSTRUCTION—*when, upon manner of arriving at verdict, is improper.* An instruction is improper which tells the jury in substance that it was its duty to find a verdict from the evidence under the instructions of the court, that all the instructions have application to the facts in controversy, that the jury must not disregard the instructions nor find a verdict contrary to the law as therein stated, nor by lot or chance, that no juror should consent to a verdict which does not meet with the full approval of his own judgment and conscience after due consideration of the evidence and the law as set forth in the instructions and after due deliberation with his fellow jurors.

4. INSTRUCTION—*must be predicated upon the evidence.* An instruction which authorizes the jury to allow damages for future pain and suffering and for a permanent injury, is erroneous, where there is no satisfactory evidence that there would be future pain and that there was a permanent injury.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed June 7, 1905.

WILSON, WARREN & CHILD, for appellant.

DAVIS MCKEOWN, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

On the 17th day of February, 1904, appellee was injured as she was alighting from a car of appellant at Cleveland avenue in the village of Ridgely, a suburb of Springfield.

The averment of the declaration is that as she was alighting and before she had time to alight, the servants of defendant suddenly started the car forward and thereby threw

plaintiff from the car to the ground, by reason whereof her ankle was sprained and broken, her spinal column injured and internal injuries by her suffered. A verdict and judgment were rendered in her favor for $1,000.

It is claimed by appellant that the verdict is against the evidence, that the evidence shows that plaintiff received her injuries by reason of her own negligence. We are not disposed to reverse the judgment on that ground. It is also urged that the first instruction given for plaintiff is erroneous. The instruction is that if the jury believe from the evidence that plaintiff has proved her case as laid in her declaration, by a preponderance of the evidence, they should find for the plaintiff. That instruction has been many times held good and we perceive no reason for holding to the contrary in this case. Moreover the first instruction asked by defendant and given states to the jury "that the plaintiff must prove her case as charged in her declaration by a preponderance of the evidence." One party may not complain of an instruction given for his opponent when the court gives the same instruction at his request. The court refused to give an instruction asked by defendant which stated that it was the duty of the jury to find a verdict from the evidence under the instructions of the court, that all the instructions have application to the facts in controversy, that the jury must not disregard the instructions nor find a verdict contrary to the law as therein stated, nor by lot or chance, that no juror should consent to a verdict which does not meet with the full approval of his own judgment and conscience after due consideration of the evidence and the law as set forth in the instructions and after due deliberation with his fellow jurors. There was no error in refusing this instruction. Birmingham Fire Ins. Co. v. Emilie Pulver, 126 Ill., 329; Addison v. The People, 193 Ill., 405.

The remaining alleged error to which our attention has been called by appellant is in giving plaintiff's instruction upon the measure of damages and that the damages are excessive by reason of that instruction. The instruction directs the jury that, if they find for the plaintiff, in determining

the amount of her damages they may take into consideration
among other things, "the pain and suffering endured by her,
if any, resulting from such physical injuries and such fur-
ther suffering and loss of health, if any, as the jury may
believe from the evidence before them in this case she has
sustained or will sustain by reason of such injuries." The
objection made to the instruction is that there is no com-
petent evidence to which that part of the instruction re-
ferring to future suffering and loss of health is applicable,
that the jury are left to speculation as to such matters.
Plaintiff received her injury February 17.   Dr. Berry
states that he on the next day visited her and found her suf-
fering from a sprained ankle, that he visited her on five
different occasions, the last being not later than March 2.
On the second visit and succeeding visits she complained of
her back.   He examined her but found no broken bones
or dislocations or anything wrong with her back except that
it seemed to be sprained; that in his opinion she may re-
cover the normal use of her ankle inside of a year from the
time she was injured and possibly it would always remain
weak; that he has never examined her since March 2 and
his opinion is based on the examinations he made at and
before that date.   Mrs. McClotchey, a witness for plaintiff,
states that on Sunday, a day or two before the trial, she
called on plaintiff at her house and saw her foot, that it was
then black and swollen, that plaintiff was hobbling around
the house, that on the next day, Monday, witness and plain-
tiff went down town to see Dr. Taylor about her foot.   Plain-
tiff was injured February 17, 1904; the trial was June 30,
1904.   Dr. Berry had not seen plaintiff nor made any ex-
amination of her foot or back for nearly four months; he
made no examination of her in court.   Her foot was not then
exhibited to him or the jury.   Dr. Taylor who had been
visited for treatment of her foot was not called as a witness
nor any reason given for his absence.   It would appear to
have been within the power of the plaintiff to make much
more satisfactory proof of the condition of her foot if it
had been desired to do so.   The inference from her failure

so to do is not favorable to her. The evidence upon which to base any conclusion of permanent injury is very unsatisfactory. Dr. Berry says that possibly her ankle may always be weak. That is mere speculation. It is very questionable whether there be any sufficient basis in the evidence for the instruction above mentioned. We think the ends of justice will be best subserved by another trial when the plaintiff will have the opportunity, if she desires to use it, to make clear the extent of her injuries.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*